UDALL|SHUMWAY
COUNSELORS AT LAW SINCE 1965
1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

David R. Schwartz - #009264
das@udallshumway.com
Attorney for Defendants Maricopa County Community College District, Maricopa Skill Center and Lisa Hemming

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Schaun Owens,<br><br>Plaintiff,<br><br>v.<br><br>Maricopa County Community College District, Maricopa Skill Center, and Lisa Hemming,<br><br>Defendants. | **NO. CV-15-01769-PHX-SPL**<br><br>**ANSWER OF DEFENDANTS AND DEMAND FOR JURY TRIAL** |

Defendants Maricopa County Community College District ("District"), Maricopa Skill Center, and Lisa Hemming ("Hemming"), collectively "Defendants", hereby admit, deny and allege in response to the allegations of the Complaint as follows:

1. Defendants admit that this Court has jurisdiction to hear this action pursuant to 28 U.S.C. § 1331 as the Complaint alleges claims under 42 U.S.C. §§ 1981, 1983. Defendants deny all remaining allegations of ¶ 1 of the Complaint.

2. Defendants admit that venue lies with the District of Arizona for this action. Defendants deny all remaining allegations of ¶ 2 of the Complaint.

3. Defendants admit that Plaintiff is African-American, a citizen, and a resident of Maricopa County. Defendants admit that between approximately July 21, 2013 and February 12, 2014 Plaintiff was employed by the District in a position of a full-time Cosmetology Associate Instructor working at the Northwest campus of the Maricopa Skill Center, although she was on probation during such period of time.

4. Defendants admit that the District is established as a community college district, which is a type of political subdivision, under the laws of the State of Arizona. Defendants admit that the Maricopa Skill Center is a division of Gateway Community College, which is one of the community colleges established and operated by the District.

5. Defendants admit that the District employs more than 500 employees.

6. Defendants deny the allegations of ¶ 5 of the Complaint. Defendants affirmatively allege that the Maricopa Skill Center is a not a separate jural entity who can sue or be sued.

7. Defendants admit that the Maricopa Skill Center is a division of Gateway Community College, one of the community colleges established and operated by the District.

8. Defendants admit that the District receives funds from the United States Department of Education.

9. Defendant admits that from approximately July 21, 2013 through November 15, 2014, Hemming was serving as the Assistant Program Manager of Cosmetology at the Northwest campus of the Maricopa Skill Center. Defendants admit that in the position of Assistant Program Manager of Cosmetology at the Northwest campus, Hemming had

supervisory authority over Plaintiff after July 21, 2013 and thereafter while Plaintiff was employed by the District. Defendants deny the remaining allegations of ¶ 9 of the Complaint.

10. The allegations of ¶ 10 of the Complaint are not relevant and should be stricken. Without waiving any objections, Defendants deny the allegations of ¶ 10 of the Complaint.

11. Defendants admit that high school students, who live within the boundaries of high schools which are a member of the Western Maricopa Education Center ("West-MEC"), may attend a cosmetology program at the Maricopa Skill Center's Cutting Edge Academy campus or the Northwest campus (beginning in August 2013). Defendants further admit that West-MEC pays the tuition for such high school students, while eligible to attend as high school students the cosmetology program offered by the District at the Maricopa Skill Center. Defendants further admit that such high school students are responsible for the cost of a kit, books, lab fees, and expenses other than tuition. Defendants also admit that high school students enrolled from West-MEC, who do not complete the cosmetology program while still in high school, can complete the program by paying the tuition at a rate set by the District. Defendants admit that, pursuant to State law and regulations, all students must undergo 1600 hours of training to complete the cosmetology program.

12. Defendants deny the allegations of ¶ 12 of the Complaint.

13. Defendants admit that the allegations of ¶ 13 of the Complaint as to the policies of the District.

14. The allegations of ¶ 14 of the Complaint are not relevant and should be stricken. Without waiving any objections, Defendants deny the allegations of ¶ 14 of the Complaint.

15. The allegations of ¶ 15 of the Complaint are not relevant and should be stricken. Further such allegations are so vague as to prevent a meaningful response. Without waiving any objections, Defendants lack sufficient information as to the truth of such allegations and, therefore, deny the allegations of ¶ 15 of the Complaint.

16. Admit that the District's Human Resource Division published a Staff Policy Manual and that manual includes an Appendix containing Maricopa & EMCC Southwest Skill Centers Policies. Admit that certain policies set forth therein deal with probationary employees.

17. In response to the allegations of ¶ 17 of the Complaint, Defendants allege that the policies set forth in the Staff Policy Manual speak for themselves as to their provisions and requirements. Defendants affirmatively allege that the Staff Policy Manual, including the Appendix of Maricopa & EMCC Southwest Skill Centers Policies, changed over time and was amended on various occasions throughout Plaintiff's employment with the District.

18. In response to the allegations of ¶ 18 of the Complaint, Defendants allege that the policies set forth in the Staff Policy Manual speak for themselves as to their provisions and requirements. Defendants affirmatively allege that the Staff Policy Manual, including the Appendix of Maricopa & EMCC Southwest Skill Centers Policies, changed over time and was amended on various occasions throughout Plaintiff's employment with the District. Defendants affirmatively allege that effective November 1, 2013 the alleged provision did

not exist as stated and that there was no requirement of an evaluation of a probationary employee who worked at the Maricopa Skill Center during their probationary period.

19. In response to the allegations of ¶ 19 of the Complaint, Defendants allege that the policies set forth in the Staff Policy Manual speak for themselves as to their provisions and requirements. Defendants affirmatively allege that the Staff Policy Manual, including the Appendix of Maricopa & EMCC Southwest Skill Centers Policies, changed over time and was amended on various occasions throughout Plaintiff's employment with the District. Defendants affirmatively allege that evaluations were covered in sections 4.2.1 and 4.2.2 of the policies, effective November 1, 2013, applicable to Maricopa Skill Centers' employees and the policies regarding evaluations only applied to annual evaluations.

20. Defendants admit that Plaintiff was hired in approximately September 2008 by the District as a part-time substitute Cosmetology Associate Instructor to work at the Cutting Edge Academy campus located at 7565 W. Peoria Avenue in Peoria, Arizona. Defendants admit that for a period of time subsequent to her hiring Plaintiff was supervised by Shawn Andrews.

21. Defendants admit that Plaintiff was not formally disciplined under District policies. Defendants affirmatively allege that some policies relating to performance and discipline do not apply to probationary employees. Defendants deny the remaining allegations of ¶ 21 of the Complaint.

22. Defendants admit that Plaintiff served as a part-time substitute instructor through approximately May 2009. Defendants admit that Plaintiff was hired in approximately July 2009 as an Associate Instructor for Cosmetology. Defendants admit that

Plaintiff voluntarily resigned her employment with the District in approximately February 2011.

23. Defendants admit that when Plaintiff was hired to fill a position she was informed that she had to fulfill a one-year probation period as was true of all other new employees. Defendants deny the remaining allegations of ¶ 23 of the Complaint.

24. Defendants deny the allegations of ¶ 24 of the Complaint.

25. Defendants deny the allegations of ¶ 25 of the Complaint.

26. Defendants deny the allegations of ¶ 26 of the Complaint.

27. Defendants deny the allegations of ¶ 27 of the Complaint.

28. Defendants admit that Plaintiff was hired by the District in approximately 2011 as a part-time Cosmetology Associate Instructor to work at the Cutting Edge Academy campus. Defendants admit that Plaintiff worked for the District at the Cutting Edge Academy campus through approximately May 2013.

29. Defendants deny the allegations of ¶ 29 of the Complaint.

30. Defendants admit that Hemming was hired by the District in approximately April 2010 as an Associate Instructor of Cosmetology to work at the Cutting Edge Academy campus. Defendants further admit that Hemming voluntarily ended her employment with the District in approximately June 2011 and was rehired in September 2011 to work at Cutting Edge Academy campus. Defendants deny all of the remaining allegations of ¶ 30 of the Complaint.

31. Defendants admit that Plaintiff and Hemming in 2012 applied for the position of Clinic Floor Supervisor at the Cutting Edge Academy campus and that Hemming was

ultimately selected for the position. Defendants deny all of the remaining allegations of ¶ 31 of the Complaint.

32. Defendants deny the allegations of ¶ 32 of the Complaint.

33. Defendants deny the allegations of ¶ 33 of the Complaint.

34. Defendants deny the allegations of ¶ 34 of the Complaint.

35. Defendants admit that Plaintiff in 2013 applied for the position of Cosmetology Associate Instructor at the Maricopa Skill Center's soon to be opened Northwest campus located at 2931 W. Bell Rd. in Phoenix, Arizona. Defendants further admit that Hemming was on the committee which makes recommendations for hiring for the position applied for by Plaintiff at the Northwest campus. Defendants admit that Plaintiff was selected for and hired as a Cosmetology Associate Instructor at the Maricopa Skill Center's Northwest campus. Defendants further admit that all employees hired for the new Northwest campus were required to complete a one year probationary period. Defendants further admit that Plaintiff was required to complete a one year probation period for previous positions held at the District. Defendants deny the remaining allegations of ¶ 35 of the Complaint.

36. Defendants admit that Hemming as the Assistant Program Manager at the Northwest campus was partly responsible for operating the facility. Defendants admit that Plaintiff and other employees at the Northwest campus were under the supervision of Hemming. Defendants deny the remaining allegations of ¶ 36 of the Complaint.

37. Defendants deny the allegations of ¶ 37 of the Complaint.

38. Defendants admit that the student lounge at the Northwest campus is not a classroom environment or setting. Defendants admit that Hemming received some complaints from certain students about some other students speaking in Spanish and that the complaining students were not identified to Plaintiff. Defendants deny the remaining allegations of ¶ 38 of the Complaint.

39. Defendants deny the allegations of ¶ 39 of the Complaint.

40. Defendants deny the allegations of ¶ 40 of the Complaint.

41. Defendants deny the allegations of ¶ 41 of the Complaint.

42. Defendants deny the allegations of ¶ 42 of the Complaint.

43. Defendants admit that Hemming told Plaintiff and other instructors that all instruction could only be provided in English by the instructors. Defendants deny the remaining allegations of ¶ 43 of the Complaint.

44. Defendants admit that there is a requirement that instruction by Cosmetology instructors must be in English. Defendants deny the remaining allegations of ¶ 44 of the Complaint.

45. Defendants deny the allegations of ¶ 45 of the Complaint.

46. Defendants deny the allegations of ¶ 46 of the Complaint.

47. Defendants admit that Plaintiff communicated with Kristina Scott, an African-American female. Defendants deny the remaining allegations of ¶ 47 of the Complaint.

48. Defendants deny the allegations of ¶ 48 of the Complaint.

49. Defendants deny the allegations of ¶ 49 of the Complaint.

50. Defendants admit that at the Northwest campus there is an aesthetic clinical classroom for training of aesthetician students and aesthetician instructor students. Defendants admit that Hemming informed all cosmetology instructors that they were not to use the aesthetic clinical classroom for instruction of cosmetology students. Defendants deny the remaining allegations of ¶ 50 of the Complaint.

51. Defendants admit that after receiving verbal reports from three Cosmetology instructors (Mr. Wood, Ms. Main, and Ms. Dveirin), Hemming requested that each of them put their reports into an email or other writing and each of them submitted an email reflecting that they witnessed Plaintiff sleeping in the instructor's office. Defendants deny the remaining allegations of ¶ 51 of the Complaint.

52. Defendants admit that Hemming did not request instructor Toni Trott to put into writing that she had seen Plaintiff sleeping. Defendants deny the remaining allegations of ¶ 52 of the Complaint.

53. Defendants admit that Hemming and Ms. Dveirin went together to see Plaintiff in the instructor's office and found Plaintiff sleeping. Defendants deny the remaining allegations of ¶ 53 of the Complaint.

54. Defendants admit that Hemming spoke with Plaintiff about the incident where Plaintiff was sleeping in the instructor's office. Defendants admit that Hemming discussed with Plaintiff the incident report which Hemming filled out regarding the matter. Defendants further admit that Plaintiff denied she was sleeping while in the instructor's office and refused to sign the incident report. Defendants admit Plaintiff requested to see copies of the emails where coworkers reported that she was sleeping on the job and that

Hemming did not provide them to Plaintiff. Defendants deny the remaining allegations of ¶ 54 of the Complaint.

55. Defendants deny the allegations of ¶ 55 of the Complaint.

56. Defendants lack sufficient information as to the truth or falsity of the allegations of ¶ 56 of the Complaint and, therefore, deny the same.

57. Defendants lack sufficient information as to the truth or falsity of the allegations of ¶ 57 of the Complaint and, therefore, deny the same.

58. Defendants deny the allegations of ¶ 58 of the Complaint.

59. Defendants deny the allegations of ¶ 59 of the Complaint.

60. Defendants lack sufficient information as to the truth or falsity of the allegations of ¶ 60 of the Complaint and, therefore, deny the same.

61. Defendants lack sufficient information as to the truth or falsity of the allegations of ¶ 61 of the Complaint and, therefore, deny the same.

62. Defendants admit that Plaintiff provided pizza to students on or about January 11, 2014 for the students to eat in the cosmetology classroom and/or clinic floor. Defendants deny the remaining allegations of ¶ 62 of the Complaint. Defendants affirmatively allege that the Student Handbook states eating or drinking by the students is not permitted in the classrooms or on the clinic floor.

63. Defendants lack sufficient information as to the truth or falsity of the allegations of ¶ 63 of the Complaint and, therefore, deny the same.

64. Defendants admit that soon after Plaintiff's inappropriate provision of pizza for the students to eat in the classroom or on the clinic floor, Hemming spoke with Plaintiff

in Hemming's office. Defendants admit that Hemming discussed the Incident Report which Hemming prepared regarding the matter and that Plaintiff refused to sign the Incident Report. Defendants deny the remaining allegations of ¶ 64 of the Complaint.

65. Defendants admit that the Incident Report was subsequently rescinded after a meeting between Plaintiff, Kristina Scott and Hemming. Defendants deny the remaining allegations of ¶ 65 of the Complaint.

66. Defendants admit that Hemming told Plaintiff that two cosmetology students could not do personal services for each other in the classroom on a Monday because Monday was not a day when such services were permitted. Defendants deny the remaining allegations of ¶ 66 of the Complaint.

67. Defendants admit that Plaintiff and all of the other instructors have not been provided access to all of the 90/90 report due to FERPA limitations, but affirmatively allege that as appropriate the portion of the report dealing with Plaintiff's students was shared with Plaintiff when she requested it. Defendants deny the remaining allegations of ¶ 67 of the Complaint.

68. Defendants lack sufficient information as to the truth or falsity of the allegations of ¶ 68 of the Complaint and, therefore, deny the same.

69. Defendants lack sufficient information as to the truth or falsity of the allegations of ¶ 69 of the Complaint and, therefore, deny the same.

70. Defendants lack sufficient information as to the truth or falsity of the allegations of ¶ 70 of the Complaint and, therefore, deny the same.

71. Defendants deny the remaining allegations of ¶ 71 of the Complaint.

72. Defendants admit that in January 2014 Hemming conducted a mock State Board Inspection which included, among other areas, area for which Plaintiff was responsible. Defendants deny the remaining allegations of ¶ 72 of the Complaint.

73. Defendants deny the allegations of ¶ 73 of the Complaint.

74. Defendants admit that Plaintiff, and any other probationary employee, could make an internal EEO complaint to raise an issue of discrimination based upon protected criteria. Defendants admit that John Naughton in January 2014 was the Assistant Director Administrative and Support Services for Gateway Community College and Maricopa Skill Center. Defendants deny the remaining allegations of ¶ 74 of the Complaint.

75. Defendants deny the allegations of ¶ 75 of the Complaint

76. Defendants deny the allegations of ¶ 76 of the Complaint.

77. Defendants deny the allegations of ¶ 77 of the Complaint.

78. Defendants admit that Hemming did not tell Plaintiff that she would suggest or recommend that Plaintiff not be retained, but affirmatively allege Hemming was not obligated to do so. Defendants admit that consistent with applicable policies, neither Plaintiff nor any other probationary employee at the Northwest campus was given performance evaluations during their probationary period. Defendants deny the remaining allegations of ¶ 78 of the Complaint.

79. Defendants admit that at a meeting with Hemming and a person from HR Solutions Center, Plaintiff asked why she was being terminated and she was told that no reason had to be given. Defendants deny the remaining allegations of ¶ 79 of the Complaint.

80. Defendants admit the allegations of ¶ 80 of the Complaint.

81. Defendants admit that the termination of Plaintiff as a probationary employee was permitted under the applicable Maricopa & EMCC Southwest Skill Centers Policies. Defendants deny the remaining allegations of ¶ 81 of the Complaint.

82. Defendants deny the allegations of ¶ 82 of the Complaint.

83. Consistent with the applicable policies for the Maricopa Skill Center, Hemming gave no interim performance evaluations to any probationary employees at the Northwest campus, including Plaintiff. Defendants deny the remaining allegations of ¶ 83 of the Complaint.

84. Defendants deny the allegations of ¶ 84 of the Complaint.

85. Defendants deny the allegations of ¶ 85 of the Complaint.

86. Defendants admit that Carolyn Cardwell Main voluntarily resigned from employment with the District. Defendants deny the remaining allegations of ¶ 86 of the Complaint.

87. The allegations of ¶ 87 call for legal conclusions and appear to be irrelevant as no claim is made under Title VII or the Age Discrimination in Employment Act. Defendants affirmatively allege to the extent Plaintiff is asserting those claims that Plaintiff failed to exhaust available administrative remedies, including timely filing with the EEOC and receiving a right to sue letter, which would allow Plaintiff to bring a claim under Title VII or the Age Discrimination in Employment Act.

88. The provisions of 42 U.S.C. § 1981 speak for themselves and are not accurately quoted.

89. Defendants admit that under the law as currently interpreted the legal conclusion alleged in ¶ 89of the Complaint is correct. Defendants reserve the right to seek in good faith a change in the law as to this point.

90. Defendants deny the allegations of ¶ 90 of the Complaint.

91. Defendants deny the allegations of ¶ 91 of the Complaint.

92. Defendants deny the allegations of ¶ 92 of the Complaint.

93. Defendants deny the allegations of ¶ 93 of the Complaint.

94. Defendants deny the allegations of ¶ 94 of the Complaint.

95. Defendants deny the allegations of ¶ 95 of the Complaint.

96. Defendants deny the allegations of ¶ 96 of the Complaint.

97. Defendants deny the allegations of ¶ 97 of the Complaint.

98. Defendants admit Plaintiff was terminated from her employment on February 12, 2014 but deny the remaining allegations of ¶ 98 of the Complaint.

99. Defendants deny the allegations of ¶ 99 of the Complaint.

100. Defendants deny the allegations of ¶ 100 of the Complaint.

101. Defendants deny the allegations of ¶ 101 of the Complaint.

102. Defendants deny the allegations of ¶ 102 of the Complaint.

103. In response to the allegations of ¶ 103 of the Complaint, Defendants incorporate their responses to ¶ 1 through ¶ 102 of the Complaint.

104. The provisions of 42 U.S.C. § 1983 speak for themselves and are not accurately quoted.

105. Defendants deny the allegations of ¶ 105 of the Complaint.

106. Defendants deny the allegations of ¶ 106 of the Complaint.

107. Defendants deny the allegations of ¶ 107, including (a) through (e), of the Complaint.

108. Defendants deny the allegations of ¶ 108 of the Complaint.

109. Defendants deny the allegations of ¶ 109 of the Complaint.

110. Defendants deny the allegations of ¶ 110 of the Complaint.

111. Defendants deny the allegations of ¶ 111 of the Complaint.

112. In response to the allegations of ¶ 112 of the Complaint, Defendants incorporate their responses to ¶ 1 through ¶ 111 of the Complaint.

113. Defendants deny the allegations of ¶ 113 of the Complaint.

114. Defendants deny the allegations of ¶ 114 of the Complaint.

115. Defendants deny the allegations of ¶ 115 of the Complaint.

116. Defendants deny the allegations of ¶ 116 of the Complaint.

117. Defendants deny the allegations of ¶ 117 of the Complaint.

118. Defendants deny the allegations of ¶ 118 of the Complaint.

119. Except to the extent expressly admitted herein, Defendants deny each and every allegation of the Complaint, whether express or implied and whether singular or in combination.

120. Defendants affirmatively allege that each count of the Complaint fails to state a valid cause of action upon which relief can be granted.

121. Defendants affirmatively allege that some of Plaintiff's claims may be barred under the applicable statute of limitations for claims arising under 42 U.S.C. §§ 1981, 1983.

122. Defendants affirmatively allege that Plaintiff's claim for damages may be subject to the limitations set forth in 42 U.S.C. § 1981a.

123. Defendants affirmatively allege that Plaintiff's claims against Hemming may be barred due to qualified immunity.

124. Defendants affirmatively allege that the Defendants exercised care in preventing and correcting promptly any alleged discrimination and Plaintiff's claims may be barred or limited due to her failure to utilize the policies and procedures offered by the District for dealing internally with alleged discriminatory acts or hostile working environments.

125. Defendants affirmatively allege that they had legitimate non-discriminatory and non-retaliatory reasons for all decisions and actions regarding Plaintiff.

126. Defendants affirmatively allege that they would have come to the same decision and taken the same actions without any consideration of race or any alleged protective activity, if there was any.

127. Defendants affirmatively allege that the Defendants made good faith efforts to comply with federal law, and any alleged discrimination or harassment was inconsistent with those efforts.

128. Defendants affirmatively assert that the Plaintiff has and/or may have failed to mitigate or avoid her damages.

129. Defendants affirmatively allege that they may be entitled to recover their reasonable attorney's fees, expert witness fees and/or expenses pursuant to 28 U.S.C. § 1911 et seq. and/or 42 U.S.C. § 1988.

130. Defendants affirmatively allege that they may be entitled to recover their taxable costs incurred in defending this action.

**DEMAND FOR A JURY TRIAL**

Defendants hereby request a jury trial on all issues.

Wherefore, Defendants having answered the allegations of the Complaint, pray that this action be dismissed with prejudice and Plaintiff taking nothing; that this Court deny any request for injunctive relief; award Defendants their reasonable attorney's fees incurred in defending this action as permitted under 42 U.S.C. § 1988; award Defendants their taxable costs incurred in defending this action; and for such other and further relief as this Court deems just and proper.

DATED: October 19, 2015.

UDALL SHUMWAY PLC

/s/ David R. Schwartz

David R. Schwartz
1138 North Alma School Road
Suite 101
Mesa, AZ 85201
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2015, I electronically filed the attached document using ECF for filing and transmitted the document as follows:

By mail to:

Schaun Owens
11342 W. Buchanan Street
Avondale, AZ 85323
Plaintiff

/s/ David R. Schwartz

4457884\109883-5\