UDALL|SHUMWAY
COUNSELORS AT LAW SINCE 1965

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

David R. Schwartz - #009264
das@udallshumway.com
Attorney for Defendants Maricopa County Community
College District, Maricopa Skill Center and Lisa Hemming

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Schaun Owens, | NO. CV-15-01769-PHX-SPL |
| Plaintiff, | **RULE 26(f) CASE MANAGEMENT REPORT** |
| v. | |
| Maricopa County Community College District, Maricopa Skill Center, and Lisa Hemming, | |
| Defendants. | |

Pursuant to the Order Setting Rule 16 Case Management Conference (Dkt 6), Defendants Maricopa County Community College District, Maricopa Skill Center, and Lisa Hemming submit this Rule 26(f) Case Management Report and the Proposed Rule 16 Case Management Order.

    1.    **Attendance**: Plaintiff and Defense counsel David R. Schwartz participated in the preparation of this joint submittal.

    2.    **Service**: All parties to this action have been served.

    3.    **Nature of Case**:

This is a case alleging intentional racial discrimination under 42 U.S.C. § 1981, as well as a claim alleging under 42 U.S.C. § 1983 for deprivation under color of state law of the constitutional right of equal protection and unlawful retaliation for protected speech by an employee under the First Amendment.  Plaintiff Owens was formerly an employee who has sued Defendants Maricopa County Community College District ("District"), the former employer, Maricopa Skill Center, a division of a community college operated by the District, and Lisa Hemming, the former supervisor of Plaintiff.  The alleged discrimination and retaliation occurred from August 2013 until Plaintiff's termination from her probationary position as an Associate Cosmetology instructor at the Maricopa Skill Center's Northwest campus.  Defendants deny they committed any unlawful discrimination based upon race or retaliated for any protected activity.  Defendants contend that Plaintiff was treated appropriately and there was no hostile work environment.  Defendant also contends that Plaintiff's employment was terminated for lawful performance related concerns.

The principal factual and legal issues in dispute based upon the Complaint and the Answer include, but are not limited to, the following:

1. Whether or not in violation of § 1981 and equal protection under § 1983 Plaintiff's probationary employment was terminated by the District due to her race?

2. Whether or not, and to what extent, in violation of § 1981 and equal protection under § 1983, from August 2013 until her termination Plaintiff was subjected to a hostile work environment by Defendant Hemming at the Northwest campus due to Plaintiff's race?

3. Whether or not, and to what extent, any speech of the Plaintiff was that of a private citizen on matters of public concern protected activity under the First Amendment?

2

4. Whether or not in violation of § 1983 Plaintiff's employment was terminated by the District in retaliation for reports or statements protected by the First Amendment on matters of public concern?

5. Whether or not, and to what extent, in violation of § 1983 from August 2013 until her termination Plaintiff was subjected to a hostile work environment by Defendant Hemming at the Northwest campus in retaliation for Plaintiff's First Amendment protected speech?

6. Whether or not Plaintiff would have been terminated or other actions taken even without consideration of race or any protected First Amendment activity?

7. What role, if any, did Defendant Hemming play in the District's decision to terminate Plaintiff's employment?

8. Whether or not Defendant Hemming's actions were protected by qualified immunity?

9. Whether or not the District is liable for the actions of its employees regarding Plaintiff? Was any alleged discrimination or retaliation the result of a custom, practice or policy established by the District and its final policymakers which would render it liable?

10. Whether or not the District utilized reasonable care in preventing and correcting promptly any actual discrimination or unlawful retaliation known to it and whether Plaintiff unreasonably failed to take advantage of such opportunity to prevent or minimize any alleged discrimination or retaliation?

11. Whether or not, and to what extent, Plaintiff suffered any damages as a result of any alleged intentional discrimination or unlawful retaliation?

12. Whether or not, and to what extent, Plaintiff failed to reasonably mitigate her damages?

13. Whether or not, and to what extent, any damages are limited under 42 U.S.C. § 1981a?

14. Whether or not, and to what extent, any claims by Plaintiff are barred under the applicable two year statute of limitations?

15. Whether the Complaint fails to state a claim upon which relief can be granted or should be dismissed under Federal Rules of Civil Procedure 8 and 12(c)?

4. **Jurisdiction**: This Court has jurisdiction over this action under 28 U.S.C. § 1331 as Plaintiff has asserted claims under 42 U.S.C. §§ 1981, 1983.

5. **Additions and Amendments**: Plaintiff does not expect to add additional parties to the case.  The parties agree that any amendments to the pleadings can and should be made within 60 days from January 11, 2016.

6. **Related Cases**:  None.

7. **Initial Disclosures**:  The parties will exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before January 11, 2016.

8. **Discovery Limitations**: The parties are not at this time suggesting any changes in the limits on discovery imposed by the Federal Rules of Civil Procedure. Plaintiff believes there should be no limitation on the number of requests to produce documents and requests for admissions.  Defendants believe the number should be limited to 25 for each of those.

9. **Electronic Information**:  The parties do not at this time anticipate any issues relating to disclosure or discovery of electronically stored information.

10. **Request for Jury Trial**:  Both parties have requested a jury trial and these requests are not contested.

11. **Trial**:  Defendants anticipate that they will file a dispositive motion in this case by the proposed deadline of October 28, 2016.  If no dispositive motion is filed, the parties currently estimate the case will be ready for trial by November 14, 2016 and that the trial may take 11 to 12 days.  The parties do not have any current joint suggestions for shortening the trial but will consider possible methods as the case progresses.

12. **Expedited Trial Alternative**:  Plaintiff certifies she has considered the expedited trial alternative set forth in this Court's Order.  Defense counsel certifies that he has discussed with Defendants the expedited trial alternative set forth in this Court's Order.  The parties are not jointly agreeing to the expedited trial alternative set forth in this Court's Order.

13. **Consent to Magistrate Judge**:  The parties are not jointly agreeing to a transfer of this case to a Magistrate Judge.

14. **Settlement**:  The prospects for settlement at this time do not appear good.  The parties are not at this time jointly requesting referral to a United State Magistrate Judge for the purpose of holding a settlement conference.  The parties do not believe at this time that the case is suitable for an alternative method of dispute resolution.

15. **Modified Procedures**:  None are suggested at this time.

16. **Additional Matters**:  None are suggested at this time.

Plaintiff has reviewed this Rule 26(f) Case Management Report and the Proposed Rule 16 Case Management Order and has authorized her e-signature on this pleading and has approved the form of the proposed order being submitted.

DATED: January 4, 2016.

                UDALL SHUMWAY PLC

                /s/ David R. Schwartz
                David R. Schwartz
                1138 North Alma School Road
                Suite 101
                Mesa, AZ  85201
                Attorneys for Defendants

                /s/ David R. Schwartz for Shaun Owens
                Schaun Owens
                Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2016, I electronically filed the attached document using ECF for filing and transmitted the document as follows:

By e-mail and mail to:

Schaun Owens
11342 W. Buchanan Street
Avondale, AZ  85323
Plaintiff

   /s/ Kimberly Kershner
Kimberly Kershner

4483657.4
109883-5

Plaintiff has reviewed this Rule 26(f) Case Management Report and the Proposed Rule 16 Case Management Order and has authorized her e-signature on this pleading and has approved the form of the proposed order being submitted.

DATED: January 4, 2016.

UDALL SHUMWAY PLC

/s/ David R. Schwartz
David R. Schwartz
1138 North Alma School Road
Suite 101
Mesa, AZ  85201
Attorneys for Defendants

/s/ David R. Schwartz for Shaun Owens
Schaun Owens
Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2016, I electronically filed the attached document using ECF for filing and transmitted the document as follows:

By e-mail and mail to:

Schaun Owens
11342 W. Buchanan Street
Avondale, AZ  85323
Plaintiff

/s/ Kimberly Kershner
Kimberly Kershner

4483657.4
109883-5