**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Schaun Owens, | NO. 2:15-cv-01769-SPL |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| v. | |
| Maricopa County Community College District, Maricopa Skill Center, and Lisa Hemming, | |
| Defendants. | |

WHEREAS the Court is advised that the discovery and pretrial phases of this action involve disclosure of items that one or more parties claim contain proprietary and/or confidential information of parties and/or third-parties, including student educational records protected by FERPA, 20 U.S.C. § 1232g and 34 C.F.R. § 99.30 et seq.; and

WHEREAS the parties have stipulated and agreed that the following provisions shall govern disclosure and use of all discovery and pretrial materials containing such proprietary and/or confidential information in this litigation,

IT IS HEREBY ORDERED that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the

parties to each other in response to discovery requests and disclosure requirements:

1. Any party or Counsel for any party may designate any document, information contained in any document, information revealed in an interrogatory response or information revealed during a deposition, or documents produced in response to a disclosure requirements, in response to a request for production of documents, or in response to a subpoena to a non-party as confidential if the party or counsel determines, in good faith, that such designation is necessary to protect the interests of the a party to this action or to the extent the records are protected under FERPA . Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."  Confidential" information or documents may be referred to collectively as "Confidential Information."

2. Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person and Counsel receiving such information solely for use in connection with the above-captioned action.

3. In the event a party challenges another party's confidential designation, the parties and counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

4. Information or documents designated as "Confidential" shall not be disclosed by the non-producing party or person to any other person, except:

(a) The requesting party or their retained counsel, including in-house counsel;

(b) Employees of such counsel assigned to and necessary to assist in the litigation;

(c) Consultants or experts retained to and assisting in the prosecution or defense of the matter to the extent deemed necessary by counsel;

(d) Any person from whom testimony is taken or is to be taken in these actions, provided that (b) such a person may only be shown that Confidential Information during and in preparation for his/her testimony and (b) such person may not retain the Confidential Information;

(e) Any person who was a student at the Maricopa Skill Center's Northwest Campus may be shown their own educational records (provided that, if applicable, other students' names are redacted from the document shown to such person) to the extent necessary solely to prosecute or defend this action;

(f) Any person who is identified in the document or information as the author of any document or information may be shown the document or information they authored to the extent necessary solely to prosecute or defend this action;

(g) The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

5. Prior to disclosing or displaying the Confidential Information to any person set forth in paragraph 4 above, a party or counsel shall:

(a) inform the person of the confidential nature of the information or documents; and

(b) inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6 The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

7. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than the latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production.  If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal to the extent permitted by law (including without limitation any applicable rules of court), and kept under seal until further order of the Court. To the extent the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the

4

submission of this Stipulation and Order Regarding Confidential Information), it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only confidential portions of filings with the Court shall be filed under seal.

9. At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event after than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.  The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. This Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court.

**EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled Owens v Maricopa County Community College District, U.S. District Court cause no. 2:15-cv-01769-SPL, have been designated as Confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated this \_\_\_\_ day of _____, 20\_\_.

_____

Signed in the presence of:

_____

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2016, I electronically lodged the attached document using ECF and transmitted the document as follows:

By e-mail and mail to:

Schaun Owens
11342 W. Buchanan Street
Avondale, AZ  85323
Plaintiff

   /s/ Kimberly Kershner
Kimberly Kershner

4522500.1
109883.005