# EXHIBIT 11

# UDALL|SHUMWAY

COUNSELORS AT LAW SINCE 1965

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

David R. Schwartz - #009264
das@udallshumway.com
Kimberly R. Davis - # 030210
krd@udallshumway.com
Attorney for Defendants Maricopa County Community
College District, Maricopa Skill Center and Lisa Hemming

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Schaun Owens, | NO.  CV-15-01769-PHX-SPL |
| Plaintiff, | |
| v. | **AFFIDAVIT OF KRISTINA SCOTT** |
| Maricopa County Community College District, Maricopa Skill Center, and Lisa Hemming, | |
| Defendants. | |

State of Arizona        )
                                ) s s
Maricopa County      )

Kristina Scott, upon her oath, states:

1. I am over the age of eighteen and I am competent to testify.

2. I state the matters herein of my own personal knowledge unless otherwise stated.

3. I am employed by the Maricopa County Community College District ("District").

4. Gateway Community College is one of the several community colleges operated by the District. A division of the Gateway Community College is the Maricopa Skill Center.

5. I served since July 2014 as the Director of Extended Campuses for the Maricopa Skill Center.

6. The District's Staff Policy Manual is available on-line to all employees or anyone on the District's website. The Staff Policy Manual includes the Maricopa & EMCC Southwest Skill Centers Policies applicable to employees of the Maricopa Skill Center and Estrella Mountain Community College Southwest Skill Center.

7. The District, through the Chancellor, has adopted Administrative Regulations applicable at all colleges within the District. These regulations are published on the District's website. A number of them are also published in each college's catalog and student handbook, as well as the Staff Policy Manual.

8. The District has adopted a policy prohibiting discrimination by its employees and students based upon race, sex and other specified criteria. These policies are reflected in, among other places, the Staff Policy Manual available to anyone on the District's website.

9. The District enforces its anti-discrimination policy through a process for investigating and determination of complaints of discrimination. If discrimination is found, sanctions can be imposed against the offending persons. Discrimination complaints at Gateway Community College in 2013-14 school year by employees went to the Vice President of Administrative Services, who is required to promptly

2

investigate the complaint and make findings, conclusions and recommendations to the College's President. The College President can adopt, reject or modify the proposed findings and conclusions. The final written decision is made by the College President and issued to the complainant. The complainant has a right to ask for reconsideration of the written decision.

10. An internal EEO complaint alleging discrimination based upon protected criteria such as race can be submitted by any District employee, including those who are on probation.

11. On September 18, 2013, at the request of Schaun Owens, I met with Ms. Owens and her supervisor, Assistant Program Manager Lisa Hemming.

12. On October 25, 2013, at the request of Schaun Owens, I met with just Ms. Owens.

13. On January 17, 2014, at the request of Schaun Owens, I met with Ms. Owens and Lisa Hemming.

14. I also had e-mail communication with Schaun Owens before her February 12, 2014 termination as an employee of the District.

15. Schaun Owens did not ever tell or write me that she felt she was being discriminated against due to Ms. Owens's race.

16. Like Ms. Owens, I am also an African-American female.

17. Attached hereto as Exhibit A is a true and accurate copy of a December 17, 2013 e-mail sent to me by Schaun Owens. The e-mail raises a number of issues relating to Ms. Owen's duties as an instructor and the support she was or was not receiving from her supervisor. Among the issues raised were the denial of access to the

3

aestheticians' training room by cosmetology students and the lack of access to a 90/90 report for students (90% attendance and 90% grade).

18. On January 10, 2014, as reflected in an e-mail I sent to Lisa Hemming, and after speaking with Christopher Wurster, I agreed that action should be taken against Ms. Owens. I asked Lisa Hemming to provide documentation to support the reasons given on January 10, 2014: (1) giving permission for West-MEC students to leave campus; (2) not adhering to the curriculum; (3) excessive tardiness; (4) not adhering to State Board regulations on sanitation; playing videos for students and giving hours for this time; and (5) matters set forth in Incident Report for sleeping on the job, pizza party, students in instructor's office, and excessive tardiness. The supporting documentation and details were provided in a January 13, 2014 e-mail from Lisa Hemming. A true and accurate copy of a series of e-mails between me and Lisa Hemming (including those mentioned herein) and the attached supporting documentation is contained in Exhibit B. The names of students have been redacted under federal privacy law.

19. My decision to support the proposed termination of Schaun Owens as an employee was not in any way based upon her race.

20. I supported the proposal to terminate Schaun Owens as an employee without regard to any protected speech or activity. The reasons why I supported her termination were limited to those listed above in paragraph 18.

21. At the time I made my decision to support the termination of Schaun Owens, I had no reason to believe that any person who recommended or approved the

4

recommendation for the termination was biased against Ms. Owens because of her race or took into consideration Ms. Owens' race in making the recommendation or approving it.

22. At the time I made my decision to support the termination of Schaun Owens, I had no reason to believe that any person who recommended or approved the recommendation for the termination was retaliating against Ms. Owens because of her protected speech or activity.

23. I swear subject to the laws of perjury that the above statements are true and correct to the best of my knowledge and recollection.

DATED: _9/29_ , 2016.

_Kristina Scott_
Kristina Scott

Subscribed and sworn before me by Kristina Scott this 29 day of Sept , 2016.

_Robert P Christy_
Notary Public

My commission expires: 02-22-2018

NOTARY PUBLIC
STATE OF ARIZONA
Maricopa County
ROBERT P CHRISTY
My Commission Expires February 22, 2018

4692622.1 \109883-5\September 27, 2016

5

# EXHIBIT A

---------- Forwarded message ----------
From: **Karen Scott** <scottk@gatewaycc.edu>
Date: Tue, Dec 17, 2013 at 10:53 AM
Subject: Re: Help!
To: Schaun Owens <owens@gatewaycc.edu>
Cc: Lisa Hemming <hemming@gatewaycc.edu>


Hi Schaun,


Lisa and I met to discuss your email. I am suggesting that the two of you schedule a time to meet so that your concerns can be addressed.

I understand there is an Instructors' meeting on Dec. 23rd -- that will be a great opportunity, as a team, to bring forward additional concerns and solutions.

Thank you,
Kristina


On Tue, Dec 17, 2013 at 9:26 AM, Karen Scott <scottk@gatewaycc.edu> wrote:
Hi Schaun,

I appreciate you taking the time to share your concerns with me, and feeling comfortable to do so.

In regards, to the student behind the desk -- the student is a volunteer assisting with data entry and other "volunteer" projects. I understand the impression that may give and have voiced my expectations to the frontline staff. I will reiterate my expectations and ensure that the greatest level of professionalism and appropriateness is displayed.

In regards to your concerns with your supervisor, I am going to share your feedback and if necessary, the three of us can meet to make sure everyone is on the same page.

2

MCCCD-0-167

Your email is right on time – my intent is to hold a meeting on January 3rd to discuss campus expectations for the New Year. There are several items of discussion including West-MEC, the Catalog & Student Handbook, campus environment, and more. I would like to address some of your questions and concerns as well. Please look for that meeting invite, and plan to bring your questions (and solutions) forward. Will be sending it shortly.

Thank you,
Kristina


On Mon, Dec 16, 2013 at 5:50 PM, Schaun Owens <owens@gatewaycc.edu> wrote:
Good evening Kristina,

I am sending this email in hopes that you may be able to help me with a matter. The last time you and I had a meeting regarding the process of things here at MSC-Northwest, you advised me to challenge the process and not the person. I want you to know that I took that to heart and have been mindful of the concerns I choose to express and whom I choose to express it to. The impression that is giving is one that does not receive valid concerns well. If the process is not working and I go to my immediate supervisor with these concerns, but the supervisor downplays them, then that does not make for the employee to come to their supervisors with any concerns. But these concerns have to do with not being clear in directives to the staff, double rules for Adults and High School or having meetings in passing regarding changes that would effect the rest of the staff. When

3


these meetings in passing occurs, the entire staff is not aware of it. For example, there has been several changes with the adult side of the program and apparently there are some changes that will effect the High School instructors, like covering four hours for an adult instructor and not knowing what we are suppose to be doing.

We have instructors, who are not in management position, instructing other staff of changes that should be communicated to the staff by the Supervisor. Double standards for Adults and High School students with personal services. Requesting resource from several people and not receiving the information (i.e 90/90 report). Parent meetings been done and the actual instructor not included in what happened ( such is the case with Mirna Guarista), but yet the student is in your class facing disciplinary actions. Staff family members, who **are** attending school here, sitting behind the front desk, receiving personal services almost every day and instructing other students, as though they have authority to do so. Now these concerns come to me every day when the high school students are seeing the adults dong things that they are told they cannot do, I am suppose to tell them what?? They see that there is favoritism and double standards when it comes to them and the adult side. I am constantly being told that they are a "Unique" group, I need clarification on what that's suppose to mean to the students and to me as an instructor. Because some of the restrictions have nothing to do with them being minors. The only thing that is not permitted for them to do, is going to the surrounding businesses to get the school out there. They are restricted from doing a lot of things that the adult side is permitted, such as the personal services, being able to go to the surrounding businesses and marketing the program. I am being told that the student need to solicit clients, but not given the resources to do so. If we have no clients and the students are in need of completing requirements, they are being told that they cannot work on each other. I am seeing management more concerned about marketing for the adult program, but not for the High School side.

4

MCCCD-0-168

Today I had three of my students come to me and inform me that they had a meeting with my supervisor and she has not come to me and spoken with me at all regarding the matter, however, the students came back and told me she has instructed them that I have access to something that I don't. I have sent a "Clarification" email to Lisa as well as bcc you a copy of that same email. I am trying to do my job to the best of my ability and comply to the policies and rules, but it is not easy when conflicting information is being constantly given, or the lack of clear information. I am sending this concern to you in hopes that my concern will be taking seriously.

Respectfully,


Schaun Owens
Associate Instructor
MSC-Northwest Campus




5

**Kristina Scott**
Assistant Director, Northwest Campus
scottk@gatewaycc.edu

p: (602) 238-4368  |  f: (602) 218-4528
1245 East Buckeye Road, Phoenix, Arizona 85034

*A Division of GateWay Community College*





**Kristina Scott**
Assistant Director, Northwest Campus
scottk@gatewaycc.edu

p: (602) 238-4368  |  f: (602) 218-4528

6

MCCCD-0-169

1245 East Buckeye Road, Phoenix, Arizona 85034

*A Division of GateWay Community College*



--

**Kristina Scott**
Director of Extended Campuses
scottk@gatewaycc.edu
p: (602) 238-4368  | f: (602) 392-5018
2931 West Bell Road Phoenix, AZ 85053



*A Division of GateWay Community College*

7

# EXHIBIT B

---------- Forwarded message ----------
From: **Lisa Hemming** <hemming@gatewaycc.edu>
Date: Mon, Jan 27, 2014 at 10:49 AM
Subject: Fwd: Schaun Owens
To: Christopher Wurster <wurster@gatewaycc.edu>, Karen Scott <scottk@gatewaycc.edu>

Good morning,

I am sending this email in request for termination of Schaun Owens.
Please let me know if you have any questions.

Thanks,
Lisa

☒
Lisa Hemming
Assistant Program Manager of Cosmetology and Aesthetics
Northwest Skill Center
hemming@gatewaycc.edu

p: (602) 392-5236
1245 East Buckeye Road, Phoenix, Arizona 85034

1

MCCCD-0-182

*A Division of GateWay Community College*



---------- Forwarded message ----------
From: **Lisa Hemming** <hemming@gatewaycc.edu>
Date: Mon, Jan 13, 2014 at 4:54 PM
Subject: Fwd: Schaun Owens
To: Karen Scott <scottk@gatewaycc.edu>
Cc: Christopher Wurster <wurster@gatewaycc.edu>


Hi Kristina and CJ,

Please see the attached documentation regarding Schaun Owens. Let me know if you need any other information from me.


Thank you,

Lisa


**Lisa Hemming**
Assistant Program Manager/Cosmetology
Northwest Skill Center
hemming@gatewaycc.edu

p: (602) 392-5236
1245 East Buckeye Road, Phoenix, Arizona 85034

*A Division of GateWay Community College*



---------- Forwarded message ----------
From: **Kristina Scott** <scottk@gatewaycc.edu>
Date: Fri, Jan 10, 2014 at 4:57 PM
Subject: Re: Schaun Owens
To: Lisa Hemming <hemming@gatewaycc.edu>


Hi Lisa,

I spoke with CJ about the situation and we agree that action should be taken. In order for this to move forward, for each of the bulleted items listed below, please explain what happened by identifying the following:

2

- The date the incident(s) occurred
- What happened (brief summary, 1-2 sentences, that includes facts)
- Why it should not have occurred (per policy, etc.)
- What you did to correct it

Your essential supporting documentation can be scanned in corresponding order to your bullet list and attached to the email. I know you are very detailed and thorough, however, try to limit the information to what is most relevant (i.e. incident reports). All other supporting documentation can be available upon request.

I would suggest keeping your email as is and attaching two documents: 1. explains what happened, 2. essential supporting documentation.

Let me know if you have any questions.

Kristina


On Fri, Jan 10, 2014 at 3:16 PM, Lisa Hemming <hemming@gatewaycc.edu> wrote:
Hi Kristina,

Here a some of the current challenges I am having with Schaun Owens dating back to her hire date of 8/13.

- Giving permission to West-Mec students to leave campus
- Not adhering to the curriculum
- Excessive tardiness
- Not adhering to State Board regulations (Sanitation)
- Playing videos for students and giving hours for this time (falsifying hours)
- Incident reports

Please note that I have several items of documentation to support this list. I am attaching her incident report dated 10/2/13. I will be working on her incident report for her most recent issue of not adhering to the curriculum.
Please let me know if you have any questions.


Thanks,
Lisa



Lisa Hemming

3

Assistant Program Manager/Cosmetology
Northwest Skill Center
hemming@gatewaycc.edu

p: (602) 392-5236
1245 East Buckeye Road, Phoenix, Arizona 85034

*A Division of GateWay Community College*





**Kristina Scott**
Assistant Director, Northwest Campus
scottk@gatewaycc.edu

p: (602) 238-4368   |   f: (602) 218-4528
1245 East Buckeye Road, Phoenix, Arizona 85034

*A Division of GateWay Community College*



4

MCCCD-0-185





MARICOPA SKILL CENTER

**INCIDENT REPORT GUIDELINES**

- The Incident Report Form can be used as a tool for a supervisor to document inappropriate behavior and/or performance.

- The form is not a disciplinary tool and will not take the place of progressive discipline as outlined in the employee policy manuals.

- May be used to begin the disciplinary process.

- Will be retained by the supervisor in his/her records.

**DEFINITIONS ON SOME INAPPROPRIATE BEHAVIORS:**

- **Failure to perform completely.** Incompetent performance results if a supervisor communicates reasonable performance standards to an employee and after a specific period of time the employee does not improve.

- **Willful misconduct including violation of Governing Board policies, District administrative regulations or laws that affect the ability to perform a job.** Willful misconduct is not limited to violations of written or stated Governing Board policies or administrative regulations. It also includes violations of generally accepted standards. For example, the District may terminate an employee for theft of property without promulgating a rule prohibiting theft.

- **Insubordination (willful failure to perform job duties).** Insubordination results if a supervisor communicates reasonable duties to an employee and the employee willfully fails to perform.

- **Threatening or committing acts of intimidation or violence.** Violence, threats, harassment, intimidation, and other disruptive behavior in MCCCD facilities will not be tolerated. Such behavior includes, but is not limited to, oral or written statements, gestures, or expressions that communicate a direct or indirect threat of physical harm.

- **Inappropriate Conduct.** Examples of inappropriate conduct include, but are not limited to:

    - Job abandonment;
    - Discourtesy toward co-workers or the public
    - Sleeping on the job.
    - Chronic or repeated absenteeism or absence without a legitimate excuse and/or failure to follow proper notification procedures.



**Incident Report**



MARICOPA SKILL CENTER

Employee Name: Schaun Owens

Date: Jan. 11, 2014

Location/Department/Position: NWSC/Cosmetology/Associate Instructor

Description of incident: (Date, Time, Place, People Involved)

Jan. 11, 2014 at 1:35pm in Classroom #130 Ms. Owen's classroom.
There was a pizza party with Ms. Owens' class in the classroom during instructional hours as evidenced by leftover pizza boxes and empty drink containers in the classroom and an email from staff members.

Performance impact:

This is in violation of NSWC policy and State Board regulations.

Recommendations on performance/behavior:

All NWSC and State Board policies, rules and regulations must be adhered to, without exception.

Supervisor Signature

1/13/14
Date

Employee Signature (optional)

_____
Date

Updated 5/2/2012





## INCIDENT REPORT GUIDELINES

- The Incident Report Form can be used as a tool for a supervisor to document inappropriate behavior and/or performance.

- The form is not a disciplinary tool and will not take the place of progressive discipline as outlined in the employee policy manuals.

- May be used to begin the disciplinary process.

- Will be retained by the supervisor in his/her records.

### DEFINITIONS ON SOME INAPPROPRIATE BEHAVIORS:

- **Failure to perform completely.** Incompetent performance results if a supervisor communicates reasonable performance standards to an employee and after a specific period of time the employee does not improve.

- **Willful misconduct including violation of Governing Board policies, District administrative regulations or laws that affect the ability to perform a job.** Willful misconduct is not limited to violations of written or stated Governing Board policies or administrative regulations. It also includes violations of generally accepted standards. For example, the District may terminate an employee for theft of property without promulgating a rule prohibiting theft.

- **Insubordination (willful failure to perform job duties).** Insubordination results if a supervisor communicates reasonable duties to an employee and the employee willfully fails to perform.

- **Threatening or committing acts of intimidation or violence.** Violence, threats, harassment, intimidation, and other disruptive behavior in MCCCD facilities will not be tolerated. Such behavior includes, but is not limited to, oral or written statements, gestures, or expressions that communicate a direct or indirect threat of physical harm.

- **Inappropriate Conduct.** Examples of inappropriate conduct include, but are not limited to:

    - Job abandonment;
    - Discourtesy toward co-workers or the public
    - Sleeping on the job.
    - Chronic or repeated absenteeism or absence without a legitimate excuse and/or failure to follow proper notification procedures.

MCCCD-0-188



**Incident Report**



MARICOPA SKILL CENTER

Employee Name: Schaun Owens

Date: Jan 10th 2014

Location/Department/Position: NWSC/Cosmetology/Associate Instructor

**Description of Incident: (Date, Time, Place, People Involved)**

Jan. 10th 2014 in the teacher's office at 6pm. Ms. Owens, Karen Esparza, Jessica Diaz, Belen Guarista, Jennifer Jimenez and Ana Ramos.
Ms. Owens had students in the teacher's office.

**Performance impact:**

Students are not allowed into the office. This has been discussed many times and there is a sign on the door starting students are not allowed in the office. Teachers have their personal belongings in this office. This is a private area.

**Recommendations on performance/behavior:**

No student will be permitted into the teacher's office for any reason. If such meetings with students are needed, there are alternative locations including the instructor's classroom and meeting rooms.

Supervisor Signature

Employee Signature (optional)

Date   1/13/14

Date

Updated 5/2/2012



**MARICOPA COMMUNITY COLLEGES**

### INCIDENT REPORT GUIDELINES



MARICOPA SKILL CENTER

- The Incident Report Form can be used as a tool for a supervisor to document inappropriate behavior and/or performance.

- The form is not a disciplinary tool and will not take the place of progressive discipline as outlined in the employee policy manuals.

- May be used to begin the disciplinary process.

- Will be retained by the supervisor in his/her records.

### DEFINITIONS ON SOME INAPPROPRIATE BEHAVIORS:

- **Failure to perform completely.** Incompetent performance results if a supervisor communicates reasonable performance standards to an employee and after a specific period of time the employee does not improve.

- **Willful misconduct including violation of Governing Board policies, District administrative regulations or laws that affect the ability to perform a job.** Willful misconduct is not limited to violations of written or stated Governing Board policies or administrative regulations. It also includes violations of generally accepted standards. For example, the District may terminate an employee for theft of property without promulgating a rule prohibiting theft.

- **Insubordination (willful failure to perform job duties).** Insubordination results if a supervisor communicates reasonable duties to an employee and the employee willfully fails to perform.

- **Threatening or committing acts of intimidation or violence.** Violence, threats, harassment, intimidation, and other disruptive behavior in MCCCD facilities will not be tolerated. Such behavior includes, but is not limited to, oral or written statements, gestures, or expressions that communicate a direct or indirect threat of physical harm.

- **Inappropriate Conduct.** Examples of inappropriate conduct include, but are not limited to:

    - Job abandonment;
    - Discourtesy toward co-workers or the public
    - Sleeping on the job.
    - Chronic or repeated absenteeism or absence without a legitimate excuse and/or failure to follow proper notification procedures.



**Incident Report**



MARICOPA SKILL CENTER

Employee Name: Schaun Owens

Date: Jan. 2, 2014 through Jan. 11, 2014

Location/Department/Position: NWSC/Cosmetology/Associate Instructor

**Description of incident: (Date, Time, Place, People Involved)**

Excessive tardiness:
Jan 2nd 2014-tardy-10 min
Jan 3rd 2014-tardy-7 min
Jan 8th 2014-tardy-1 hour and 15 min
Jan 9th 2014- tardy- 5 min
Jan 11th 2014-tardy-10 min

**Performance impact:**

This is in violation of MSC policy. All employees are expected to arrive on time and prepared to work at designated start time.

**Recommendations on performance/behavior:**

All MSC policies, rules and regulations must be adhered to, without exception. Employee must report on time to work.

Supervisor Signature                          Employee Signature (optional)

1/13/14

Date                                          Date

Updated 5/2/2012

MCCCD-0-191





MARICOPA SKILL CENTER

## INCIDENT REPORT GUIDELINES

- The Incident Report Form can be used as a tool for a supervisor to document inappropriate behavior and/or performance.

- The form is not a disciplinary tool and will not take the place of progressive discipline as outlined in the employee policy manuals.

- May be used to begin the disciplinary process.

- Will be retained by the supervisor in his/her records.


## DEFINITIONS ON SOME INAPPROPRIATE BEHAVIORS:

- **Failure to perform completely.** Incompetent performance results if a supervisor communicates reasonable performance standards to an employee and after a specific period of time the employee does not improve.

- **Willful misconduct including violation of Governing Board policies, District administrative regulations or laws that affect the ability to perform a job.** Willful misconduct is not limited to violations of written or stated Governing Board policies or administrative regulations. It also includes violations of generally accepted standards. For example, the District may terminate an employee for theft of property without promulgating a rule prohibiting theft.

- **Insubordination (willful failure to perform job duties).** Insubordination results if a supervisor communicates reasonable duties to an employee and the employee willfully fails to perform.

- **Threatening or committing acts of intimidation or violence.** Violence, threats, harassment, intimidation, and other disruptive behavior in MCCCD facilities will not be tolerated. Such behavior includes, but is not limited to, oral or written statements, gestures, or expressions that communicate a direct or indirect threat of physical harm.

- **Inappropriate Conduct.** Examples of inappropriate conduct include, but are not limited to:

    - Job abandonment;
    - Discourtesy toward co-workers or the public
    - Sleeping on the job.
    - Chronic or repeated absenteeism or absence without a legitimate excuse and/or failure to follow proper notification procedures.

MCCCD-0-192

 

**Incident Report**

MARICOPA SKILL CENTER

Employee Name: Schaun Owens

Date: October 1, 2013

Location/Department/Position: NWSC/Cosmetology/Associate Instructor

**Description of Incident: (Date, Time, Place, People Involved)**
  On October 1, 2013 at approximately 10:45am I walked into the teacher's office and noticed Schaun Owens sitting unusual in her chair at her desk, I asked if she was okay which she said yes, the second time I asked her, I asked again if she was sure she was okay, and she said yes, She then told me she was sitting at the desk looking at the computer when she realized how tired she was, so she just closed her eyes for a second.
I have 3 witness that came forward to me stating Schaun was asleep at her desk for anywhere from 10-20 minutes.

**Performance impact:**
Sleeping on the job is inappropriate conduct.

**Recommendations on performance/behavior:**

The Instructor will follow all policies and procedure outlined in the MCCCD and MSC Northwest manuals.

**Employee response (optional):**
No signing because I don't agree with accusation. I was not sleeping on the job.

**Additional comments (optional):**

Did not sign - see above

_Supervisor Signature_

Employee Signature (optional)

_10/2/13_
Date

Date

Updated 5/2/2012

MCCCD-0-194

 **MARICOPA COMMUNITY COLLEGES**

Lisa Hemming< lis2066488@gatewaycc.edu>

## Ms. Ownes
1 message

Carolyn Main< main@gatewaycc.edu>                          Tue, Oct 1, 2013 at 11:48 AM
Reply-To: main@gatewaycc.edu
To: Lisa Hemming <hemming@gatewaycc.edu>

Lisa,

Just wanted to let you know, I'm not sure if Ms. Owens is ok or not. She was sleeping in the office for from what I saw at least 10 minutes.

*Carolyn Cardwell*
**Associate Instructor**
**Northwest Skill Center**
Cosmetology
main@gatewaycc.edu
Phone: (602)-392-5000

MCCCD-0-195

Maricopa Community College District Mail - 10/1/13                Page 1 of 1

 **MARICOPA COMMUNITY COLLEGES®**

Lisa Hemming< lis2066488@gatewaycc.edu>

## 10/1/13
1 message

**Shala Dveirin<** shala.dveirin@gatewaycc.edu>                Tue, Oct 1, 2013 at 5:01 PM
To: Lisa Hemming <hemming@gatewaycc.edu>

On 10/1/13 I entered the office and noticed ms. Shaun asleep in her chair. I was at my desk for approximately 5 minuets and she was asleep. I left the office and reentered with Lisa Hemming, who asked her if she was O.K.? she said yes she was looking at the computer and her eyes were tired so she decided to rest her eyes.

Shala Dveirin

MCCCD-0-196

 **MARICOPA COMMUNITY COLLEGES®**

Lisa Hemming< lis2066488@gatewaycc.edu>

## Today
1 message

Robert Wood < robert.wood@gatewaycc.edu>                    Tue, Oct 1, 2013 at 9:47 PM
Reply-To: robert.wood@gatewaycc.edu
To: Lisa Hemming <hemming@gatewaycc.edu>

I went on break at 10:00, as I walked into the office I noticed that MS.Owens was curled up in her chair and it appeared she was asleep. I thought to myself that doesn't look comfortable.

Truly I don't know if it was before break or after, either way I did notice Ms. Owens looking quite relaxed. I know how hard it is to sit at the computer and become relaxed and want to nap and chill. I have to get up and change what I am doing to get focused again, plus a cup of coffee helps somewhat.  Mr Wood

MCCCD-0-197

| Incident: | Date(s): | Description: | Impact: | Action: |
|---|---|---|---|---|
| Students leaving campus | 9/16/13 and 12/20/2013 | 9/16/13 Ms Owens gave Kailyn Culp permission to smoke outside. 12/20/13 Ms Owens Gave Isabel Flores and Jessica Diaz permisson to go to Fry's. | Closed campus. Violation of handbook. | verbal warning with intent of follow up with write up. |
| Not adhering to curriculum | 9/5/2013, 12/6/13 and 1/6/14 | 9/5/13 did not administer State Board bootcamp or test as instructed-I had to redo curriculum for the week. 12/6/13 Did not teach students facials as listed on curriculum for 4 days. 1/6/14 did not administer test as instructed. I had to redo curriculum for the week. | Students grades are not entered on time. Students lack of learning. Teacher coverage for ADA. | Verbal warning and write up. |
| Excessive Tardies | Total tardies per month: Aug -2 Sept -1 Oct -1 Dec-4 Jan -5 | Ms Owens sometimes will text me if she is going to be late. Time is not always entered. On 12/24 she was LWP. She has taken off 1/13/14 with out approval as her time is "frozen" per Alice Cornelius. | Misuse of company time. | Verbal warning and write up. |
| Not adhering to State Board Regulations on Sanitation. | 11/5/13 12/13/13 12/19/13 1/11/14 | I did a State Board Inspection on 11/5/13. There was food and drink in stations. Stations were dirty with dirty implements, dirty towels and personal items. 12/13/13 dispesary was full of dirty towels. Break room was dirty and not cleaned from prior day. Monitors are not being checked by Ms Owens. 12/19/13 Students eatting on the clinic floor. 1/11/14 towel bins overflowing with dirty towels. Food and drink in classrooms and pizza boxes left in classroom. Garbages overflowing in breakroom and clinic.These duties are all assigned to Ms Owens class. | This is violation of State Board Laws and Rules. We could suffer a heft fine if we are in violation and possibly shut down. | Reviewed at every meeting. Laws and Rules were printed out so all teachers were reminded of our responsibilities as licensed instructors. Verbal warning and write up. |

MCCCD-0-198

| | | | | |
|---|---|---|---|---|
| Playing movies and videos for students during classtime. | 9/13/2013 12/10/13 12/20/13 | 9/13/13 Sierra Dunaway told Paul McCray and I that Ms. Owens plays videos (Tabatha's take over and FaceOff) during class time instead of State Board boot camp. 12/10/13 Belen Guertra told Paul McCray, Cheri Snow, Belen's parents and myself that Ms. Owens continues to play videos during classtime. 12/20/13 Ms Owens played the movie "Jingle All the Way" for students during classtime. | This is falsifying hours and is not permitted by State Board. | This has been addressed many time with staff. This is not permitted in our school or by State Board. Verbal warning with intent to follow up. |
| Multiple incident reports | 10/2/2013 1/13/14 | I wrote Schaun up for sleeping in the office on 10/2/13. I have written up Schaun today for violation of sanitation, tardiness and students in teachers office for 1/10/14 and 1/11/14 | Verbal discussions do not seem to correct the behavior. | I will write up any teacher if I have given a verbal warning and the behavior has not been corrected. |

I have a file of documentation in the forms of emails, word documents and text messages that will support this information and I am willing to provide if requested.

MCCCD-0-199