Schaun Owens
16808 N. 20th Street
Phoenix, AZ 85022
(602) 505-4700
schaunowens@yahoo.com
*Pro Se*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Schaun Owens,<br><br>            Plaintiff,<br><br>vs.<br><br>Maricopa County Community College District, Maricopa Skills Center, and Lisa Hemming,<br><br>            Defendants. | No. CIV 15-01769-PHX-SPL<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

This Court should deny Defendants Maricopa County Community College District ("MCCCD") and Lisa Hemming ("Hemming") Motion for Summary Judgment because Defendants have failed to meet its burden of proving that there is no genuine issue as to any material fact that Schaun Owens ("Owens") was retaliated against for the exercise of her first amendment right to free speech.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **LAW AND ARGUMENT**

   **1. Standard of Review**

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court views all evidence and draws all factual inferences in the light most favorable to the non-movant. *Sullivan v. Dep't of Navy*, 365 F.3d 827, 832 (9th Cir. 2004). "A moving party without the ultimate burden of persuasion at trial-usually, but not always, the defendant-has both the initial burden

of production and the ultimate burden of persuasion on a motion for summary judgment." *E.E.O.C. v. Creative Networks*, L.L.C., 912 F. Supp. 2d 828, 835 (D. Ariz. 2012), citing, Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir.2000). Additionally, "very little evidence [is required] to survive summary judgment in a discrimination case, because the ultimate question is one that can only be resolved through a searching inquiry--one that is most appropriately conducted by the factfinder, upon a full record." *Garner v. Motorola, Inc.*, 95 F.Supp.2d 1069, 1075 (D.Ariz. 2000) (citations omitted).

### 2. Ms. Owens has Demonstrated a Claim Under 42 U.S.C. § 1983

Ms. Owens has established a prima facie claim against all Defendants for violation of her First Amendment constitutional rights. Where there is a deprivation of a Constitutional right, an individual may seek redress pursuant to 42 U.S.C. § 1983, which provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

To establish a Section 1983 claim, a plaintiff must show that an individual acting under the color of state law deprived him of a right, privilege, or immunity protected by the United States Constitution or federal law. *Levine v. City of Alameda*, 525 F.3d 903 (9th Cir. 2009). As outlined below, Defendants were acting under color of state law during the entire time Ms. Owens was expressing her opinions on the illegality of Hemming's directive to ban the Spanish language in the student lounge, and they deprived her of her First Amendment freedom of speech rights.

### 3. Ms. Owens has a Valid Claim for First Amendment Retaliation

It is well settled that the state may not abuse its position as employer to stifle the First Amendment rights its employees would otherwise enjoy as citizens to comment on

matters of public interest. *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009); *Coszalter v. City of Salem*, 320 F.3d 968, 974 (9th Cir. 2003) ("When a government employee exercises his protected right of free expression, the government cannot use the employment relationship as a means to retaliate for that expression.").

Courts in the Ninth Circuit employ a five-step inquiry to determine whether an employer has impermissibly retaliated against an employee for engaging in protected speech. *Eng*, 552 F. 3d at 1070. The courts ask: (1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a citizen or public employee; (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse action even absent the protected speech. *Id.*

In this case, Ms. Owens speech regarding the illegality of Hemming's directive to prevent students from speaking Spanish in the student lounge, would be protected speech. With respect to the five-step inquiry on this speech only, Defendants do not dispute that Ms. Owens spoke on a matter of public concern or that she spoke as private citizen.[1] They do, however, claim that there is no causal connection between Ms. Owens's speech and her termination and that she would have been terminated regardless for reasons unrelated to her speech. Defendants further assert that Ms. Owens fails to state a claim for *Monell*-based liability thus MCCCD are entitled to summary judgment. For the following reasons, Defendants' assertions are incorrect.

### i. Ms. Owens's speech regarding Hemming's ban on Spanish speaking in the student lounge was a substantial and motivating factor in the decision to terminate Ms. Owens.

---

[1] Defendants do not claim that Ms. Owen's speech regarding Hemming's management of Ms. Owens, the Incident Reports, the 90/90 report or where facial training would occur were on a matter of public concern. However, Ms. Owens's opposition will only address her speech regarding the Spanish speaking prohibition in the student lounge.

In First Amendment retaliation cases, the goal is to prevent, or redress, actions by a government employer that chill the exercise of protected First Amendment rights. *Dahlia v. Rodriguez*, 735 F.3d 1060, 1078 (9th Cir. 2013) (citing *Coszalter*, 320 F.3d at 975). On summary judgment in a First Amendment retaliation case, a plaintiff must provide evidence of materially adverse employment actions that are reasonably likely to deter protected speech. *Thomas v. County of Riverside*, 763 F.3d 1167, 1168 (9th Cir. 2014); *Coszalter v. City of Salem*, 320 F.3d 968. 976 (9th Cir. 2003).

The Ninth Circuit has held that there are three ways a plaintiff can that retaliation was a substantial or motivating factor behind a defendant's adverse employment actions. *Id.*; see also *Keyser v. Sacramento City Unified School District*, 265 F.3d 741 (9th Cir. 2001). First, a plaintiff can demonstrate that the proximity in time between the protected speech and the adverse action was of such short length that a jury logically could infer that the plaintiff was terminated in retaliation for her speech. *Coszalter v. City of Salem*, 320 F.3d 968 (9th Cir. 2003). Second, a plaintiff can demonstrate that her employer expressed opposition to her speech, either to him or to others. *Id.* Third, the plaintiff could demonstrate that her employer's explanations for the termination were false and pre-textual. *Id.*

Regarding the first method of demonstrating a causal connection, the temporal proximity, Courts have held that a strict rule dictating the specific amount that must pass between the protected speech and the termination is not appropriate. In *Coszalter* the Court stated:

> Even if elapsed time, considered without regard to other circumstances, were the criterion, three to eight months is easily within the time range that supports an inference of retaliation. As we recently held in another § 1983 First Amendment employer retaliation case, "[A]n eleven-month gap in time is within the range that has been found to support an inference that an employment decision was retaliatory." *Allen v. Iranon*, 283 F.3d 1070, 1078 (9th Cir. 2002). But a specified time period cannot be a mechanically applied criterion. A rule that any period over a certain time is per se too long (or, conversely, a rule that any period under a certain time is always short enough) would be unrealistically simplistic.

> Retaliation often follows quickly upon the act that offended the retaliator, but this is not always so. For a variety of reasons, some retaliators prefer to take their time: They may wait until the victim is especially vulnerable or until an especially hurtful action becomes possible. Or they may wait until they think the lapse of time disguises their true motivation. We should be particularly sensitive to this last point, for if we establish a per se rule that a specified time period is too long to support an inference of retaliation, well-advised retaliators will simply wait until that period has passed. Then--provided that the retaliator has not revealed to others his intention, and has not provided demonstrably false or pretextual reasons for his act--he may retaliate with impunity. We therefore reject any bright-line rule about the timing of retaliation. There is no set time beyond which acts cannot support an inference of retaliation, and there is no set time within which acts necessarily support an inference of retaliation. Whether an adverse employment action is intended to be retaliatory is a question of fact that must be decided in the light of the timing and the surrounding circumstances.

*Coszalter v. City of Salem*, 320 F.3d 968 (9th Cir. 2003).

Here, Ms. Owens was terminated on February 12, 2014 and, under MCCCD policy, was not given a reason for her termination nor allowed the opportunity to utilize the grievance procedure for full time non-probationary employees. This was done a mere **four or five months** after Ms. Owens brought to light Hemmings unfair treatment of Spanish speaking students. Under established case law, this brief amount of time would demonstrate the Ms. Owens was terminated for her speech.

### ii. The Defendants proffered explanations for the termination are false and pretextual.

This proof of motive can be met with either direct or circumstantial evidence, and it normally involves questions of fact that should be left for trial. *Ulrich v. City and County of San Francisco*, 308 F.3d 968, 979 (2002).

Here, evidence exists that the Defendant MCCCD alleged legitimate reasons for Ms. Owen's non-renewal are pretextual because of their previous retaliatory conduct and Ms. Owens rebuttal of their reasons.

### 4. Ms. Owens Has Stated a Plausible Claim for *Monell*-Based Liability Against MCCCD

A suit against a government official in his official capacity is equivalent to a suit against the government entity itself. *Larez v. Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). Under *Monell*, municipal entities are subject to damages under § 1983 in three situations: when the plaintiff was injured pursuant to an expressly adopted official policy, a longstanding practice or custom, or the decision of a final policymaker. *Delia v. City of Rialto*, 621 F.3d 1069, 1081-82 (9th Cir. 2010). Municipal liability has also been found where an authorized policymaker ratified a decision that deprived plaintiffs of their constitutional rights. *Larez*, 946 F.2d at 646.

To show ratification, a plaintiff must show that the authorized policymakers approved a subordinate's action and the basis for it. *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004). *See also Howell v. Town of Ball*, 827 F.3d 515, 528 (5th Cir. 2016) ("a jury reasonably could infer the Board's ratification of [the Police Chief's] retaliatory animus from its cursory approval of [the Chief's] recommendation that a [police officer] be fired, as the Board, acting as the official policy maker, reflexively approved [the officer's] discharge with awareness of the alleged retaliatory motive behind it.").

In this case, Ms. Owens has alleged enough facts to demonstrate that MCCCD made a deliberate choice to approve of and ratify Hemming's numerous acts of retaliatory harassment by making the decision to remove Ms. Owens for her position, and by allowing Hemming's harassment of Ms. Owens to continue for months while she was still an employee. Drawing all reasonable inferences in Plaintiff's favor, it is at least plausible that MCCCD's actions with respect to Ms. Owens's evidence a ratification of Hemming's retaliatory actions, and constitute its own additional retaliatory conduct.

//
//
//
//

## III. CONCLUSION

Because Defendants have failed to meet its burden of proving that there are no genuine issues of material fact on any of Ms. Owen's claim for first amendment violations, this Court should Deny Defendants' Motion.

Dated November 4, 2016.

By: *[signature]*
Schaun Owens
16808 N. 20th Street
Phoenix, AZ 85022
(602) 505-4700
schaunowens@yahoo.com
*Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on the November 4, 2016, I filed the attached document and transmitted the document as follows:

By mail to:

David R. Schwartz
Udall & Shumay, PLC
1138 North Alma School Road, Suite 101
Mesa, Arizona 85201

Attorneys for Defendant

By *[signature]*