WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Schaun Owens,<br><br>            Plaintiff,<br>vs.<br><br>Maricopa County Community College District and Lisa Hemming,<br><br>           Defendants. | No. CV-15-01769-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendants' Motion for Summary Judgment (Doc. 50). The motion is fully briefed, and oral argument has not been requested. As follows, the motion will be granted.

On August 5, 2013, Plaintiff Schaun Owens was hired as a full-time Cosmetology Associate Instructor for the Maricopa Skill Center, a division of a community college operated by the Maricopa County Community College District ("District"). Owens alleges that shortly after school began that fall, her supervisor, Lisa Hemming, directed her to tell students that they could not speak Spanish in the student lounge, to which Owens responded in opposition. On February 12, 2014, Owens was terminated.

On September 4, 2015, Owens, appearing *pro se*, filed a complaint initiating the instant action against Hemming and the District, claiming racial discrimination and retaliation in violation of 42 U.S.C. § 1981 (Count One), racial discrimination and retaliation in violation of the equal protection clause of the Fourteenth Amendment under 42 U.S.C. § 1983 (Count Two), and retaliation in violation of her First Amendment right

to free speech under 42 U.S.C. § 1983 (Count Three). (Doc. 1.) Defendants have moved for summary judgment on all three claims, arguing that there is no genuine dispute of material fact of discrimination or retaliation by Hemming, or municipal liability for her alleged conduct.

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323. If the movant carries its initial burden of production, in response, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," and instead must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)). The court views the evidence and draws reasonable inferences "in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However, only disputes over facts that could affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). *See also Scott v. Harris*, 550 U.S. 372, 380 (2007).

Here, Defendants first argue that they are entitled to summary judgment on Owens's racial discrimination and equal protection claims. (Doc. 50.) In her response, Owens does not address these claims or replies to Defendants' arguments. Owens having failed to establish, must less identify, any triable dispute of material fact as to these

claims, "Rule 56(c) mandates the entry of summary judgment" on Counts One and Two of the complaint. *Celotex*, 477 U.S. at 322. *See also Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (claims not raised in opposition to summary judgment motion are abandoned).

Second, Defendants argue that Owens has failed to show that there is a genuine issue of material fact as to her claim of retaliation by Hemming and municipal liability under *Monell*. In their memorandum, Defendants discuss each element of Owens's claim and address the lack of evidence in the record which demonstrates that there is no triable issue of unconstitutional retaliation. They have filed a detailed statement of facts and attached supporting evidence. (Doc. 51.) Owens responds by arguing that the following creates a genuine issue for trial: she engaged in protected speech by "expressing her opinions on the illegality of Hemming's directive to ban the Spanish language in the student lounge," (Doc. 53 at 2); the decision to terminate her was motivated by her speech because it was only "four or five months after Ms. Owens brought to light Hemming[']s unfair treatment of Spanish speaking students," (Doc. 53 at 5); and the District is liable because it "made a deliberate choice to approve of and ratify Hemming's numerous acts of retaliatory harassment by making the decision to remove Ms. Owens [from] her position, and [] allow[ed] Hemming's harassment of Ms. Owens to continue for months while she was still an employee" (Doc. 53 at 6).

Owens's response fails to carry her burden to identify, with sufficient particularity, facts that create a genuine dispute necessitating trial. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587. Owens's cursory reference to vague facts in her brief, without any specific citation to or discussion of them, is insufficient to demonstrate that there is a triable dispute of fact. *See Celotex*, 477 U.S. at 324 ("Rule 56(e) [] requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.") (internal quotation marks omitted); *F.T.C. v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997)

(conclusory, self-serving statements in briefs lacking detailed facts and any supporting evidence are insufficient to create a genuine issue of material fact). Owens does not address or cite to any *specific* fact regarding the alleged "directive to ban the Spanish language in the student lounge," the "opinions" or statements she made in response to Hemming's conduct, when and where the protected speech occurred, the alleged harassing conduct, or the circumstances leading up to or surrounding her termination. Absent such facts, Owens fails to make a sufficient showing regarding the essential elements of her case which she would have to prove at trial. *See Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009).

Indeed, Owens has not pointed to or submitted *any* evidence to demonstrate that there is a triable dispute. Owens has not filed a responsive separate statement of facts, as was directed in the Court's Order and is required by the local rules. (Doc. 52.) Owens has not attached any documentary evidence or submitted a written declaration stating the factual basis that supports her claims. The unsworn allegations in the complaint are insufficient to create an issue of fact on summary judgment. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990) ("the purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues."). And, even if Owens could defeat summary judgment by merely citing to the allegations in her complaint, it would not yield a different outcome in this case because here, she did not do so.

Owens was provided with an ample opportunity to develop the record through discovery, and received sufficient notice of the requirements needed to defeat Defendants' motion. *See Albino v. Baca*, 747 F.3d 1162, 1177 (9th Cir. 2014). Absent any evidence on summary judgment from Owens setting forth, with sufficient specificity, her version of the events that support her claims, the Court is unable to conclude that there is a triable dispute of fact. The Court is not required to construct arguments and identify the material facts in search of a genuine dispute for trial when Owens has chosen

not to do so herself. *See Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court does not have a duty to search for evidence that would create a factual dispute" and "lacks the power to act as a party's lawyer, even for *pro se* litigants"); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) ("The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found"); *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (the district court has no responsibility on summary judgment to "scour the record in search of a genuine issue of triable fact"); *Forsberg v. Pac. N.W. Bell Tel. Co.*, 840 F.2d 1409, 1417-18 (9th Cir. 1988). Defendants are therefore also entitled to summary judgment on Plaintiff's First Amendment retaliation claim in Count Three. Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. 50) is **granted**. The Clerk of Court shall enter judgment accordingly and **terminate** this action.

Dated this 29th day of September, 2017.

Honorable Steven P. Logan
United States District Judge